**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, as subrogee of DUKE HOSPITALITY LLC, d/b/a MARRIOTT COURTYARD, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. |
| POLK COUNTY PUBLIC SERVICE INC., LARRY CRAWFORD PLUMBING LLC, SOUTHERN PIPE & SUPPLY COMPANY, INC. and SHARON JONES, | ) ) ) ) ) ) | _____ |
| Defendants. | ) ) ) | |

**COMPLAINT FOR PROPERTY DAMAGE**

Plaintiff State Automobile Mutual Insurance Company, as subrogee of Duke Hospitality LLC, d/b/a Marriott Courtyard, sues Defendants Polk County Public Service Inc., Larry Crawford Plumbing LLC, Southern Pipe & Supply Company, Inc., and Sharon Jones as follows:

**PARTIES**

1.    Plaintiff State Automobile Mutual Insurance Company, as subrogee of Duke Hospitality LLC, d/b/a Marriott Courtyard (hereinafter "Plaintiff"), is and has

been at all material times an Ohio corporation with its principal place of business located at 518 E Broad Street, Columbus, Ohio 43216. At all times relevant hereto, Plaintiff has been authorized to issue policies of insurance for property and other interests located in the State of Georgia.

2.      Defendant Polk County Public Service Inc. (hereinafter "Polk County") is a Georgia corporation having its principal place of business at 291 Huntington Road, Cedartown, Georgia 30125. Polk County can be served with process by serving its registered agent, Roger H. Tillery, located at 444 Huntington Road, Cedartown, Georgia 30125.

3.      Defendant Larry Crawford Plumbing LLC (hereinafter "Defendant Larry Crawford") is a Georgia limited liability company having its principal place of business at P.O. Box 2367, Fort Oglethorpe, Georgia 30742. Larry Crawford can be served with process by serving its registered agent, Andrew Crawford, located at 4 Crawford Lane Fort Oglethorpe, Georgia 30742.  None of the members of Larry Crawford Plumbing LLC are citizens of the State of Ohio.

4.      Defendant, Southern Pipe & Supply Company, Inc. d/b/a Southern Bath & Kitchen (hereinafter "Southern Pipe") is a Delaware corporation having its principal place of business at P.O. Box 5738, Meridian, Mississippi 39302. Southern

LEGAL\49729777\1

Pipe can be served with process by serving its registered agent, CT Corporation System, located at 289 S Culver St, Lawrenceville, Georgia 30046.

5.      Defendant Sharon Jones is a citizen of the State of Georgia and may be served with process at her domicile, 5845 W. Chapel Hill Road, Douglasville, Georgia 30135.

## JURISDICTION AND VENUE

6.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

8.      This case concerns two incidents, the first occurring on January 23, 2020, and the second occurring on October 9, 2020, that caused extensive water damage to a Marriott Courtyard Hotel operated by Duke Hospitality, LLC, in Rome, Georgia.

3

9.     At all times relevant hereto, Plaintiff provided insurance to Duke Hospitality LLC, d/b/a Marriott Courtyard (hereinafter the "Insured") for property located at 300 West 3rd Street, Rome, Georgia 30165 (hereinafter the "Property").

10.     At all times relevant hereto, Plaintiff provided commercial property insurance coverage for certain perils causing certain damages to the Property, and other interests and expenses incurred from loss events (hereinafter the "Insurance Policy").

11.     At all times relevant hereto, Plaintiff's Insured owned and operated a hotel on the Property.

12.     On a date prior to January 23, 2020, the Insured hired Hogan Construction Group (hereinafter "Hogan") to serve as the general contractor for the construction of the hotel on the Property.

13.     Hogan subcontracted the plumbing work to Defendant Polk County.

14.     Defendant Polk County subcontracted some or all of the plumbing work to Defendant Larry Crawford.

15.     Upon information and belief, some of the plumbing work was further subcontracted by defendant Larry Crawford to Defendant Southern Pipe.

LEGAL\49729777\1

16.    During construction of the hotel, Defendant Polk County and/or Defendant Larry Crawford installed PEX plumbing fittings in the plumbing system on the Property.

17.    During construction of the hotel, Defendant Polk County, Defendant Larry Crawford, and/or Defendant Southern Pipe installed bathroom fixtures on the Property.

**a.    <u>First Incident on January 23, 2020</u>**

18.    On or about January 23, 2020, a PEX fitting separated on the 4th floor of the Property.

19.    The PEX fitting separated because it was not properly installed during construction of the hotel.

20.    As a result of the separation of the PEX fitting, water released and cascaded through multiple floors of the Property.

21.    As a result of Defendant Polk County and/or Defendant Larry Crawford's improper installation of the PEX fitting, water escaped and caused substantial water damage requiring restoration and replacement of walls, floors, ceilings, and other structural components in various areas on the Property (hereinafter "First Incident").

22.     The First Incident was the direct and proximate result of Defendant Polk County and/or Defendant Larry Crawford's failure to properly install the PEX fitting.

23.     From the time the PEX fitting was installed, until January 23, 2020, the PEX fitting had not been altered or changed in any manner.

24.     Defendant Polk County and/or Defendant Larry Crawford knew, had reason to know, and/or should have known through the exercise of reasonable diligence and care that the PEX fitting was improperly installed.

25.     As a result of Defendant Polk County and/or Defendant Larry Crawford's improper installation of the PEX fitting, and the resulting property damage, the Insured made an insurance claim to Plaintiff pursuant to the Insurance Policy.

26.     Pursuant to the Insurance Policy, Plaintiff has paid the Insured in excess of $400,000 under the Insurance Policy for property damage, and for other damages and costs incurred from the First Incident.

27.     As a result of the aforesaid payments, and pursuant to the contract of insurance and by operation of law, Plaintiff is now subrogated to the rights of its insured against all parties responsible for the occurrence of said damages.

LEGAL\49729777\1

**b.**   <u>**Second Incident on October 9, 2020**</u>

28.   During construction of the hotel, Defendant Polk County and/or Defendant Larry Crawford and/or Defendant Southern Pipe installed certain bathroom fixtures on the Property.

29.   Specifically, Defendant Polk County and/or Defendant Larry Crawford and/or Defendant Southern Pipe installed bathtubs and bathtub overflow drains in the guest rooms of the hotel.

30.   On October 9, 2020, Defendant Sharon Jones was a guest in Room 320 at the Property.

31.   At around 3 a.m. on October 9, 2020, while occupying Room 320, Defendant Sharon Jones left a bathtub faucet running unattended.

32.   Defendant Sharon Jones left the bathtub faucet running unattended because she was intoxicated.

33.   Because of her intoxicated condition, Defendant Sharon Jones did not notice the bathtub water overflowing, running into her hotel guestroom, out into the hallway, and down three floors of the hotel to the lobby.

34.   The water in the bathtub failed to drain out of the bathtub overflow drain because a temporary protective cap on the bathtub overflow drain was not removed during installation.

35.     Defendant Polk County and/or Defendant Larry Crawford and/or Defendant Southern Pipe failed to remove the protective cap on the bathtub overflow drain during installation.

36.     From the time the bathtub drains were installed, until October 9, 2020, the bathtub drains had not been altered or changed in any manner.

37.     Subsequent inspection of other hotel guest rooms revealed that all bathtubs in the hotel except for one still had the temporary protective cap in place.

38.     As a result of Defendant Sharon Jones intoxication and leaving the bathtub faucet running, and Defendant Polk County and/or Defendant Larry Crawford and/or Defendant Southern Pipe's failure to properly install the bathtub overflow drain, water escaped and caused substantial damage requiring restoration and replacement of walls, floors, ceilings, and other structural components in various areas on the Property (hereinafter "Second Incident").

39.     Defendant Polk County and/or Defendant Larry Crawford and/or Defendant Southern Pipe knew, had reason to know, and/or should have known through the exercise of reasonable diligence and care that the bathtub overflow drains were improperly installed.

40.     As a result of Defendant Sharon Jones leaving the water running and Defendant Polk County and/or Defendant Southern Pipe's improper installation of

8

the bathtub drains, and the resulting property damage, the Insured made an insurance claim to Plaintiff pursuant to the Insurance Policy.

41.     Pursuant to the Insurance Policy, Plaintiff has paid or will pay the Insured in excess of $75,000 to the extent of its obligations under the Insurance Policy for property damage, and for other damages and costs incurred from the Second Incident.

42.     As a result of the aforesaid payments, and pursuant to the contract of insurance and by operation of law, Plaintiff is now subrogated to the rights of its insured against all parties responsible for the occurrence of said damages.

**COUNT I – NEGLIGENCE**
**POLK COUNTY PUBLIC SERVICE INC.**

43.     At all times relevant hereto, Defendant Polk County held itself out as a licensed and experienced plumbing contractor, performing various types of plumbing work, including, but not limited to, installing, maintaining, servicing, testing, inspecting and/or repairing plumbing systems, equipment and/or their related component parts, including plumbing fittings and plumbing fixtures.

44.     By undertaking to perform the plumbing work on the Property, Defendant Polk County assumed a duty of care to the Insured to:

    a)     properly install and/or connect the PEX fittings being installed in the hotel;

9

     b)     properly install bathroom fixtures and bathroom drains;

     c)     exercise due care when providing plumbing services on the Property;

     d)     act as a reasonable plumbing contractor when performing services;

     e)     comply with all applicable national, state, and local statutes, regulations, codes, and industry standards; and

     f)     take those steps and measures necessary to ensure that the Property would not be damaged or made more susceptible to a water damage as a result of the work performed by Defendant Polk County.

45.    Defendant Polk County breached its duties of reasonable care in that its work and services were not properly and safely performed, and resulted in the First Incident and the Second Incident and proximately caused harm to Plaintiff and the Insured.

46.    Defendant Polk County knew or should have known that if it breached its duties of reasonable care to perform its work and services in a safe, proper, and workmanlike manner that the property damage complained of herein could occur.

47.    Defendant Polk County is liable and legally responsible for the property damage expenses, costs and losses suffered by Plaintiff and the Insured, in one or more of the following ways:

     a)     installing, connecting and/or routing component parts of the plumbing system in such a manner that the plumbing system failed and released water;

10

b)      installing, and/or connecting the PEX fittings in such a manner that the PEX fittings separated into two pieces causing water to flow into various areas on the Property;

c)      failing to test the PEX fitting following installation to ensure that a PEX fittings were in proper working order;

d)      improperly installing bathroom fixtures and/or bathtub drains;

e)      failing to remove the temporary protective cap from the bathtub overflow drains;

f)      failing to test the plumbing system following construction to ensure that the plumbing system and its components and fixtures were in a proper working order;

g)      failing to follow the manufacturer's instructions in installing the PEX fittings and the bathroom fixtures and/or bathtub drains;

h)      failing to perform its scope of work on the plumbing system in a safe, proper, and workmanlike manner;

i)      failing to ensure that the installation of the PEX fittings and the bathroom drains did not expose the Property to an increased risk of water damage;

j)      failing to ensure that all plumbing work was performed pursuant to the applicable national, state, and local statutes, regulations, ordinances, codes, and/or industry standards;

k)      failing to take those steps necessary to protect the Property from damage;

l)      failing to hire proper and adequate employees, agents, laborers, and/or subcontractors;

m)      failing to properly train, supervise, instruct, direct, manage and/or inspect the work and services provided by its employees, agents, laborers and/or subcontractors;

n)      causing the plumbing system failure that led to the First Incident;

11

o)   causing the plumbing system failure that led to the Second Incident;

p)   otherwise failing to use due care, as may be disclosed during the course of discovery.

48.   Defendant Polk County, its agents, servants, and employees, breached its duties by conducting itself in the manners described above and in other manners that may be disclosed during discovery.

49.   Defendant Polk County knew or should have known that the failures listed above would foreseeably cause the Insured's Property to sustain water damage.

50.   The damages sustained would not have occurred but for Defendant Polk County's breach of its duties of reasonable care to the Insured.

51.   As a direct and proximate result of the aforesaid negligent, careless and/or reckless acts and/or omissions of Defendant Polk County, the First Incident and the Second Incident occurred and Plaintiff's Insured sustained property damage and other costs and expenses described above, exclusive of interest and costs, for which Defendant Polk County is legally liable.

52.   The Insured is an entity that Defendant Polk County could reasonably have foreseen would be endangered as the result of the breaches of its duties.

12

53.     As a direct and proximate result of Defendant Polk County's breaches, the Insured sustained damage.

54.     As a direct and proximate result of Defendant Polk County's breaches, Plaintiff sustained damage in an amount not less than $400,000 from the First Incident and not less than $75,000 from the Second Incident.

## COUNT II – NEGLIGENCE
## LARRY CRAWFORD PLUMBING LLC

55.     At all times relevant hereto, Defendant Larry Crawford held itself out as a licensed and experienced plumbing contractor, performing various types of plumbing work, including, but not limited to, installing, maintaining, servicing, testing, inspecting and/or repairing plumbing systems, equipment and/or their related component parts, including plumbing fittings.

56.     By undertaking to perform the plumbing work on the Property, Defendant Larry Crawford assumed a duty of care to the Insured to:

a)     properly install and/or connect the PEX fittings being installed in the hotel;

b)     properly installing bathroom fixtures and bathroom drains;

c)     exercise due care when providing plumbing services on the Property;

d)     act as a reasonable plumbing contractor when performing services;

e)    comply with all applicable national, state, and local statutes, regulations, codes, and industry standards; and

f)    take those steps and measures necessary to ensure that the Property would not be damaged or made more susceptible to water damage as a result of the work performed by Defendant Larry Crawford.

57.    Defendant Larry Crawford breached its duties of reasonable care in that its work and services were not properly and safely performed, and resulted in property damage and proximately caused harm to Plaintiff and the Insured.

58.    Defendant Larry Crawford knew or should have known that if it breached its duties of reasonable care to perform its work and services in a safe, proper, and workmanlike manner that the property damage complained of herein could occur.

59.    Defendant Larry Crawford is liable and legally responsible for the property damage expenses, costs and losses suffered by Plaintiff and the Insured, in one or more of the following ways:

a)    installing, connecting and/or routing component parts of the plumbing system in such a manner that the plumbing system failed and released water;

b)    installing, and/or connecting a PEX fitting in such a manner that the PEX fitting separated into two pieces causing water to flow into various areas on the Property;

c)    failing to test the PEX fittings following installation to ensure that the PEX fittings were in proper working order;

14

d)      improperly installing bathroom fixtures and/or bathtub drains;

e)      failing to remove the temporary protective cap on the bathtub overflow drains;

f)      failing to test the plumbing system following construction to ensure that the plumbing system and its components and fixtures were in a proper working order;

g)      failing to follow the manufacturer's instructions in installing the PEX fittings and the bathroom fixtures and/or bathtub drains;

h)      failing to perform its scope of work on the plumbing system in a safe, proper, and workmanlike manner;

i)      failing to ensure that the installation of the PEX fittings and the bathroom drains did not expose the Property to an increased risk of water damage;

j)      failing to ensure that all plumbing work was performed pursuant to the applicable national, state, and local statutes, regulations, ordinances, codes, and/or industry standards;

k)      failing to take those steps necessary to protect the Property from damage;

l)      failing to hire proper and adequate employees, agents, laborers, and/or subcontractors;

m)      failing to properly train, supervise, instruct, direct, manage and/or inspect the work and services provided by its employees, agents, laborers and/or subcontractors;

n)      causing the plumbing system failure that led to the First Incident; causing the plumbing system failure that led to the Second Incident; and

o)      otherwise failing to use due care, as may be disclosed during the course of discovery.

60.     Defendant Larry Crawford, its agents, servants, and employees, breached its duties by conducting itself in the manners described above and in other manners that may be disclosed during discovery.

61.     Defendant Larry Crawford knew or should have known that the failures listed above would foreseeably cause the Insured's Property to sustain water damage.

62.     The damages sustained would not have occurred but for Defendant Larry Crawford's breach of its duties of reasonable care to the Insured.

63.     As a direct and proximate result of the aforesaid negligent, careless and/or reckless acts and/or omissions of Defendant Larry Crawford, the First Incident occurred and Plaintiff's Insured sustained property damage and other costs and expenses described above, exclusive of interest and costs, for which Defendant Larry Crawford is legally liable.

64.     The Insured is an entity that Defendant Larry Crawford could reasonably have foreseen would be endangered as the result of the breaches of its duties.

65.     As a direct and proximate result of Defendant Larry Crawford's breaches, the Insured sustained damage.

66.     As a direct and proximate result of Defendant Larry Crawford Plumbing's breaches, Plaintiff sustained damage in an amount not less than $400,000 from the First Incident and not less than $75,000 from the Second Incident.

### COUNT III – NEGLIGENCE
### SOUTHERN PIPE & SUPPLY COMPANY, INC.

67.     At all times relevant hereto, Defendant Southern Pipe held itself out as a licensed and experienced plumbing contractor, performing various types of plumbing work, including, but not limited to, supplying, installing, maintaining, servicing, testing, inspecting and/or repairing plumbing systems, equipment and/or their related component parts, including plumbing fittings.

68.     By undertaking to perform the plumbing work on the Property, Defendant Southern Pipe assumed a duty of care to the Insured to:

a)     properly install the bathroom fixtures and/or bathtub drains;

b)     exercise due care when providing plumbing services on the Property;

c)     act as a reasonable plumbing contractor when performing services;

d)     comply with all applicable national, state, and local statutes, regulations, codes, and industry standards; and

e)     take those steps and measures necessary to ensure that the Property would not be damaged or made more susceptible to a water damage as a result of the work performed by Defendant Southern Pipe.

17

69.    Defendant Southern Pipe breached its duties of reasonable care in that its work and services were not properly and safely performed, and resulted in the property damage and proximately caused harm to Plaintiff and the Insured.

70.    Defendant Southern Pipe knew or should have known that if it breached its duties of reasonable care to perform its work and services in a safe, proper, and workmanlike manner that the property damage complained of herein could occur.

71.    Defendant Southern Pipe is liable and legally responsible for the property damage expenses, costs and losses suffered by Plaintiff and the Insured, in one or more of the following ways:

a)    installing and/or connecting component parts of the plumbing system in such a manner that the plumbing system failed and released water;

b)    installing and/or connecting the bathroom fixtures and/or bathtub drains in such a manner that the bathtub overflowed;

c)    failing to test the bathroom fixtures and/or bathtub drains following installation to ensure that the drain was in proper working order;

d)    failing to test the plumbing system following construction to ensure that the plumbing system was in a proper working order;

e)    failing to follow manufacturer's instructions during installation;

f)    failing to remove the temporary protective cap from the bathtub overflow drain in Room 320;

g)    failing to perform its scope of work on the plumbing system in a safe, proper, and workmanlike manner;

18

h)    failing to ensure that the installation of the bathroom fixtures did not expose the Property to an increased risk of water damage;

i)    failing to ensure that all plumbing work was performed pursuant to the applicable national, state, and local statutes, regulations, ordinances, codes, and/or industry standards;

j)    failing to take those steps necessary to protect the Property from damage;

k)    failing to hire proper and adequate employees, agents, laborers, and/or subcontractors;

l)    failing to properly train, supervise, instruct, direct, manage and/or inspect the work and services provided by its employees, agents, laborers and/or subcontractors;

m)    causing the plumbing system failure that led to the Second Incident; and

n)    otherwise failing to use due care, as may be disclosed during the course of discovery.

72.    Defendant Southern Pipe, its agents, servants, and employees, breached its duties by conducting itself in the manners described above and in other manners that may be disclosed during discovery.

73.    Defendant Southern Pipe knew or should have known that the failures listed above would foreseeably cause the Insured's Property to sustain water damage.

74.     The damages sustained from the Second Incident would not have occurred but for Defendant Southern Pipe's breach of its duties of reasonable care to the Insured.

75.     As a direct and proximate result of the aforesaid negligent, careless and/or reckless acts and/or omissions of Defendant Southern Pipe, the Second Incident occurred and Plaintiff's Insured sustained property damage and other costs and expenses described above, exclusive of interest and costs, for which Defendant Southern Pipe is legally liable.

76.     The Insured is an entity that Defendant Southern Pipe could reasonably have foreseen would be endangered as the result of the breaches of its duties.

77.     As a direct and proximate result of Defendant Southern Pipe's breaches, the Insured sustained damage.

78.     As a direct and proximate result of Defendant Southern Pipe's breaches, Plaintiff sustained damage from the Second Incident in amount not less than $75,000.

## COUNT IV – NEGLIGENCE
## SHARON JONES

79.     At all times relevant hereto, Defendant Sharon Jones had a duty to use due care so as to not cause damage to the Property.

80.     Defendant Sharon Jones had a duty to act as a reasonable hotel guest during her stay on the Property.

81.     Defendant Sharon Jones breached her duty to use due care and caused damage to the Property.

82.     The Second Incident and resultant damage to the Property were the direct and proximate result of the negligence, carelessness, recklessness, and/or negligent acts and omissions of Defendant Sharon Jones as follows:

a)     leaving the water faucet running unattended;

b)     allowing water to accumulate in the bathtub and overflow;

c)     becoming intoxicated to the point that she did not realize she left the bathtub faucet running unattended and did not notice the bathtub water overflowing into her guest room, out the door, into the hallway, and down three floors of the hotel;

d)     failing to take appropriate measures and/or notify hotel personnel that the water accumulated and/or overflowed in the bathtub;

e)     causing the water to overflow in the bathtub that led to the Second Incident; and

f)     otherwise failing to use due care, as may be disclosed during the course of discovery.

83.     Defendant Sharon Jones knew or should have known that the failures listed above would foreseeably cause the Insured's Property to sustain water damage.

21

84.     The damages sustained would not have occurred but for Defendant Sharon Jones' breach of her duties of reasonable care to the Insured.

85.     As a direct and proximate result of the aforesaid negligent, careless and/or reckless acts and/or omissions of Defendant Sharon Jones, the Second Incident occurred and Plaintiff's Insured sustained property damage and other costs and expenses described above, exclusive of interest and costs, for which Defendant Sharon Jones is legally liable.

86.     The Insured is an entity that Defendant Sharon Jones could reasonably have foreseen would be endangered as the result of the breaches of said duties.

87.     As a direct and proximate result of Defendant Sharon Jones' breaches, the Insured sustained damage.

88.     As a direct and proximate result of Defendant Sharon Jones' breaches, Plaintiff sustained damage from the Second Incident in amount not less than $75,000.

**WHEREFORE**, the Plaintiff demands judgment against Defendants Polk County Public Service Inc., Larry Crawford Plumbing LLC, Southern Pipe & Supply Company, Inc. and Sharon Jones in an amount not less than $475,000 for actual, incidental, and consequential damages, plus interest, costs of this action as may be

LEGAL\49729777\1

allowed by law, and for such other and further relief as this Court deems just and proper.

Respectfully submitted this 14th day of December, 2020.

/s/ David M. Bessho
David M. Bessho
Georgia Bar No. 055784
COZEN O'CONNOR
The Promenade, Suite 400
1230 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:  (404) 572-2000
Facsimile:   (404) 572-2199
Email:    dbessho@cozen.com

*Attorney for Plaintiff*